IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **ROBERT HARDEN,** | CASE NO. 8:13CV356 |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| **BRIAN GAGE, Warden, et al.,** | |
| Respondents. | |

This matter is before the Court on Respondents' Motion for Summary Judgment (Filing No. 13). Respondents argue Petitioner Robert Harden's ("Harden") Petition for Writ of Habeas Corpus (Filing No. 1) must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). For the reasons discussed below, the Court agrees that Harden's habeas corpus petition is barred by the applicable limitations period.

## I. BACKGROUND

### A. Conviction and Direct Appeal

On December 5, 2006, a jury in the Douglas County District Court ("state district court") convicted Harden of criminal conspiracy to commit first degree murder. The state district court sentenced Harden to a period of 30 to 40 years' imprisonment. (Filing No. 12-5 at ECF 4.) Harden appealed.

The Nebraska Court of Appeals affirmed the state district court's judgment on February 5, 2008. The Nebraska Supreme Court denied Harden's petition for further review on March 12, 2008, and issued a mandate on March 25, 2008. (Filing No. 12-1 at ECF 2.)

**B.     Post-Conviction Motion and Appeal**

On March 27, 2008, Harden filed a motion for post-conviction relief in the state district court. The state district court held a hearing on the motion, and later denied relief on October 28, 2009. (Filing No. 12-6 at ECF 36-38.) Harden appealed.

The Nebraska Court of Appeals affirmed the state district court's judgment on July 6, 2010. The Nebraska Supreme Court denied Harden's petition for further review on August 25, 2010, and issued a mandate on September 9, 2010. (Filing No. 12-2 at ECF 2.)

**C.     First Habeas Corpus Petition**

Harden filed his first habeas corpus petition in this Court on June 6, 2011. (Case No. 4:11CV3084, Filing No. 1.) In response to the petition, Respondents filed their answer, brief, and the relevant state court records. (Case No. 4:11CV3084, Filing Nos. 19, 23, and 24.) Harden responded to these submissions by moving to dismiss his petition. (*See* Case No. 4:11CV3084, Filing Nos. 26 and 27.) Respondents did not object. On November 7, 2011, this Court dismissed Harden's petition without prejudice. (Case No. 4:11CV3084, Filing No. 28.)

**D.     Second Post-Conviction Motion and Appeal**

On March 28, 2012, Harden filed an "Application for Second Post-Conviction Relief" in the state district court. The state district court denied the application on April 2, 2012. (Filing No. 12-7 at CM/ECF pp. 1-21.) Harden appealed.

The Nebraska Court of Appeals affirmed the state district court's judgment on July 25, 2012. The Nebraska Supreme Court denied Harden's petition for further review on

September 13, 2012, and issued a mandate on October 24, 2012. (Filing No. 12-3 at ECF 2.)

E.     "Petition of Errors" and Appeal

On November 13, 2012, Harden filed a "Petition of Errors of the Court" in the state district court. The state district court denied the petition on December 13, 2012. (Filing No. 12-8 at ECF 1-5.) Harden appealed.

The Nebraska Court of Appeals dismissed the appeal on April 1, 2013, because Harden failed to timely file a notice of appeal. The Nebraska Supreme Court denied a petition for further review on May 8, 2013, and issued a mandate on May 21, 2013. (Filing No. 12-4 at ECF 2.)

F.     Second Habeas Corpus Petition

Harden filed his second habeas corpus petition in this Court on November 29, 2013. (Filing No. 1.) Thereafter, Respondents moved for summary judgment (Filing No. 13), arguing the petition is barred by the relevant statute of limitations. Harden objected to the motion (Filing No. 17), arguing his petition was timely filed.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates. 28 U.S.C. § 2244(d)(1). This case concerns only the first date listed in § 2244(d)(1): "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

review[.]" As discussed below, Harden's habeas corpus petition was filed outside of the one-year limitations period.

## A. Date on Which Judgment Became Final

The Court must determine whether Harden filed his habeas corpus petition within one year of "the date on which [his] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). In *Gonzalez v. Thaler*, the Supreme Court held that, for petitioners who pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when [the Supreme Court] affirms a conviction on the merits or denies a petition for certiorari." 132 S. Ct. 641, 653 (2012). For all other petitioners, the judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires." *Id.* at 653-54. "If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system." *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing Sup.Ct.R. 13.1).

Here, Harden's conviction became final on June 10, 2008, which was 90 days after the Nebraska Supreme Court denied Harden's petition for further review following Harden's conviction.

## B. Statutory Tolling

"The statute of limitations is tolled while a state post-conviction or other collateral review is pending." *King*, 666 F.3d at 1135 (citing § 2244(d)(2). A post-conviction application is considered pending until the state court issues its mandate or denies review, even if a petitioner files a petition for certiorari in the Supreme Court. *Lawrence v. Florida*,

549 U.S. 327, 332 (2007) ("The application for state postconviction review is . . . not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.").

The limitations period was tolled for the entire period Harden's post-conviction action was pending in Nebraska's state courts (i.e., from March 27, 2008, to September 9, 2010). Thus, Harden had until September 9, 2011 (i.e., one year from September 9, 2010), to file his habeas corpus petition in this Court. However, Harden did not file the pending habeas corpus petition until November 29, 2013, more than two years after the limitations period expired.

Harden's "Application for Second Post-Conviction Relief" and "Petition of Errors of the Court" did not toll the limitations period because they were filed in the state district court *after* September 9, 2011 (i.e., after the limitations period had expired). Likewise, Harden's first habeas corpus petition filed in this Court on June 6, 2011, did not toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2); thus, § 2244(d)(2) did not toll the limitations period during the pendency of the petitioner's first federal habeas petition).[1]

---

[1] Even if these actions had tolled the one-year limitations period, the current petition would still have been filed outside of the limitations period. Respondents set forth the periods of time—a total of 624 days—that elapsed between Harden's various filings: "270 days elapsed between the conclusion of the first postconviction proceeding in state court (September 9, 2010) and the filing of the first federal habeas petition (June 6, 2011 ); 142 days elapsed between the dismissal of the first federal habeas petition (November 7, 2011) and the filing of the second postconviction motion in state court (March 28, 2012); 20 days elapsed between the conclusion of the second postconviction motion in state court (October 24, 2012) and the filing of the third postconviction motion in state court (November 13, 2012); and 192 days elapsed between the conclusion of the third postconviction motion in state court (May 21, 2013) and the filing of the current federal habeas petition (November 29, 2013)." (Filing No. 15 at ECF 6-7 (bulleted list removed).)

5

For the foregoing reasons, the Court finds that Harden's petition is untimely under § 2244(d)(1)(A).

**C.    Equitable Tolling**

The limitations period may be subject to equitable tolling. Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time." *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) (internal quotation marks omitted). As such, "equitable tolling is an exceedingly narrow window of relief." *Id.* (internal quotation marks omitted).

Harden does not argue that he is entitled to equitable tolling of the limitations period. As such, Harden has not presented the Court with any reason to warrant the application of equitable tolling to the limitations period.

**D.    Actual Innocence Exception**

In *McQuiggins v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception. A claim of actual innocence under *Schulp* is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schulp*, 513 U.S. at 315 (internal quotation omitted).

A habeas petitioner, who seeks to overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 324-27. The Supreme Court has emphasized that the exception is limited to "certain exceptional cases involving a compelling claim of actual innocence." *House v. Bell*, 547 U.S. 518, 521 (2006); *see also Schlup,* 513 U.S. at 324 (noting that "experience has taught us that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare"). "Actual innocence" in this context refers to factual innocence and not mere legal insufficiency. *Bousely v. United States*, 523 U.S. 614, 623-624 (1998).

Liberally construed, Harden argued in his petition that he is innocent of conspiracy to commit murder. However, none of Harden's arguments or filings consists of new evidence, unavailable at the time of trial, to support a claim of actual innocence. Accordingly, Harden has failed to persuade the Court that he is actually innocent of the crime for which he was convicted. In addition, he has not demonstrated the applicability of equitable tolling. Therefore, there is no basis upon which the Court may excuse Harden's failure to comply with AEDPA's statute of limitations.

### III.  MOTION TO APPOINT COUNSEL

Harden filed a "Fourth Motion for Appointment of Counsel" (Filing No. 30). "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case

is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel in this matter.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Petitioner has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability in this case.

IT IS ORDERED:

1. Respondents' Motion for Summary Judgment (Filing No. 13) is granted, and Harden's Objection (Filing No. 17) is overruled. Harden's Petition for Writ of Habeas Corpus (Filing No. 1) is dismissed with prejudice;

2. A separate Judgment will be entered in accordance with this Memorandum and Order, and the Court will not issue a certificate of appealability in this matter;

3. In light of the foregoing, the clerk's office is directed to term the motion event at Filing Number 29 (correspondence from Harden seeking information about the status of this case); and

4. Harden's "Fourth Motion for Appointment of Counsel" (Filing No. 30) is denied.

DATED this 2nd day of August, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge