IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT HARDEN,<br><br>Petitioner,<br><br>vs.<br><br>BRIAN GAGE, Warden; and ROBERT HOUSTON, Director of Department of Corrections;<br><br>Respondents. | 8:13CV356<br><br>**MEMORANDUM AND ORDER** |

This closed federal habeas matter is before me[1] on Petitioner Robert Harden's ("Petitioner" or "Harden") Motion to Alter and Amend Judgment which the court construes as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). (Filing 46.)

## I. BACKGROUND

On November 29, 2013, Harden filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2006 conviction for criminal conspiracy to commit first degree murder. (Filing 1.) The late Honorable Laurie Smith Camp conducted an initial review of the petition, identified five potentially cognizable claims, and entered a progression order. (Filing 6.) Harden moved for the appointment of counsel on April 30, 2014, which the court denied. (Filings 7 & 10.)

On May 14, 2014, Respondents filed a Motion for Summary Judgment (filing 13), the relevant state records (filing 12), and a brief in support (filing 15).

---

[1] The matter was reassigned to me due to the unexpected and untimely death of Senior District Judge Laurie Smith Camp. (Filing 47.)

Respondents moved for summary judgment in their favor on the grounds that Harden's claims in his habeas petition were barred by the limitations period set forth in 28 U.S.C. § 2244(d).

On May 15, 2014, Harden filed a motion to disqualify Judge Smith Camp "due to [b]ias and [p]rejudice" based on Judge Smith Camp's past employment with the Nebraska Department of Correctional Services, the Nebraska Attorney General's Office, and past denial of habeas relief to another petitioner. (Filing 16.) Subsequently, on June 24, 2014, Harden filed a second motion for the appointment of counsel. (Filing 25.) Judge Smith Camp denied Harden's motion to disqualify and his motion for the appointment of counsel on June 26, 2014. (TEXT ORDER No. 26; Filing 27.)

After Harden filed a response (filing 17) to Respondents' summary judgment motion and Respondents filed their reply brief (filing 18), the court entered a Memorandum and Order (filing 33) and Judgment (filing 34) on September 2, 2014, granting Respondents' motion for summary judgment and dismissing Harden's habeas petition with prejudice. The court determined Harden's petition was untimely under 28 U.S.C. § 2244(d) and neither equitable tolling nor the actual innocence exception applied. Harden appealed to the Eighth Circuit Court of Appeals which denied his application for a certificate of appealability and dismissed his appeal. (Filing 42.)

On March 11, 2021, Harden filed the present motion to "Alter and Ammend Judgement" which he brings "under the 'Extraordinary Circumstances' of Federal Rule of C[ivil] Procedure 60(b)(6)." (Filing 46 (spelling as in original).) Liberally construed, Harden argues he was denied consideration of his habeas claims on their merits because Judge Smith Camp dismissed his habeas petition and denied him a certificate of appealability based on bias and in retaliation for Harden's filing of his "Motion for Recusal." (*Id*. at CM/ECF p. 2.) Harden asks the court to accept the motion and "exonerate Petitioner from the conviction handed down by the Douglas County District Court on December 5, 2006." (*Id*. at CM/ECF pp. 2–3.)

## II. DISCUSSION

**A. Standard for Review of 60(b) Motion in Closed Habeas Proceeding**

The Eighth Circuit has directed that where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court should file the motion and then conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, it should dismiss the motion for failure to obtain authorization from the Court of Appeals under 28 U.S.C. § 2244(b)(3) or, in its discretion, transfer the purported Rule 60(b) motion to the Court of Appeals. *Boyd*, 304 F.3d at 814.

As the Eighth Circuit has explained,

> A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim *on the merits*." *Gonzalez [v. Crosby]*, 545 U.S. [524,] 530, 532 [(2005)]. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n. 4, 125 S.Ct. 2641. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA [Antiterrorism and Effective Death Penalty Act].
>
> No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." *Id.* at 532, 125 S.Ct. 2641. Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling

3

which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at n.4.

*Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (emphasis in original).

**B. Harden's Motion**

Here, Harden argues that Judge Smith Camp was biased and improperly dismissed his habeas petition in retaliation for his filing of a "Motion for Recusal." Liberally construed, Harden seeks relief from the dismissal and to have his habeas claims considered on the merits. The court concludes that Harden's motion does not assert any claims, but rather attacks Judge Smith Camp's previous ruling based on the statute-of-limitations bar that precluded a merits determination. Therefore, Harden's motion is properly considered as a motion for relief from judgment under Rule 60(b).

Under Rule 60(b)(6), a court may grant a party relief from a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under this catchall provision is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). Upon careful review, the court finds Harden has failed to demonstrate any extraordinary circumstances that would entitle him to relief from the judgment under Rule 60(b)(6). Harden's conclusory allegations of Judge Smith Camp's "bias" are unsupported by any facts in the record and based entirely on the mere fact of her previous employment with the state of Nebraska and/or decisions made in cases that have no discernible relation to Harden. Moreover, there is nothing in the record to suggest Judge Smith Camp acted "in retaliation" or "showed intentional bias" when she granted Respondents' motion for summary judgment and dismissed Harden's petition. I have carefully reviewed the record in this case and agree wholeheartedly with Judge Smith Camp's conclusion that Harden's petition was barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). Accordingly, I will not grant Harden any relief from the judgment in this matter.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion to Alter or Amend Judgment (filing 46), construed as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6), is denied.

2. Petitioner's pending Motion for Status (filing 48) is denied as moot.

Dated this 30th day of April, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge